# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES MAILOT individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW JERSEY MANUFACTURERS INSURANCE COMPANY<br><br>Defendant. | NO.<br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiff CHARLES MAILOT, individually, and on behalf of others similarly situated, by and through his attorneys at Sadaka Associates, LLC allege against NEW JERSEY MANUFACTURERS INSURANCE COMPANY ("NJM ") as follows:

## INTRODUCTION

1. This Class Action Complaint seeks compensation owed on behalf of every NJM employee who was not provided proper payment.

2. Through a common and uniform course of conduct, NJM willfully or negligently failed to pay its employees as promised.

## PARTIES

3. Plaintiff, CHARLES MAILOT ("Plaintiff") is currently a resident of the State of Florida and was a resident of the State of New Jersey when employed by NJM. He is also an affected wage-shortage employee of NJM described below.

4. Defendant NJM is and was incorporated in the State of New Jersey with its home office on Sullivan Way in West Trenton, New Jersey.

5. Upon information and belief, and at all times relevant, NJM conducted business throughout New Jersey, New York, Connecticut, Maryland, and Pennsylvania with employees residing in many of the same states.

## JURISDICTION

6. Jurisdiction is proper in this Court as the prerequisites of minimal diversity and amount in controversy are met under 28 U.S.C. § 1332(d).

## FACTUAL ALLEGATIONS

7. All previous paragraphs are incorporated herein by reference.

8. At all times relevant, NJM provided insurance for auto, home and property, renters', and umbrella insurance policies.

9. At all times relevant, none of NJM's approximately 2,500 employees were unionized.

10. In January of 2017, NJM transitioned from paying its employees on a semi-monthly basis to being paid every two weeks.

11. This payroll transition was carried out improperly and resulted in each NJM employee experiencing a 3.846% decrease in pay and associated benefits for 2017; that wage-shortage continues into the present.

12. This pay discrepancy was apparent beginning in January of 2017 when the payroll transition happened and was brought to the attention of NJM's Payroll and Human Resources departments soon thereafter by the Plaintiff, but no action was ever taken to correct it.

13. Plaintiff is no longer an employee of NJM and has never been properly compensated for the wage-shortage described herein.

14. No former or current NJM employee has been properly compensated for the wage-shortage described herein.

## CLASS ALLEGATIONS

15. All previous paragraphs are incorporated herein by reference.

16. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and all other NJM employees who were employed before the payroll transition began (pre-2017) and continued to be employed after the payroll transition was completed.

17. This action is brought as a Class Action and may be so maintained as the numerosity, commonality, typically, and adequacy requirements for maintaining a Class Action under federal law are satisfied.

18. The members of this Class are so numerous as to render joinder impracticable.

19. Joinder of every NJM employee is impracticable because of the large number of Class members and the fact that Class members are dispersed over a large geographic area, with many members, including the Plaintiff, currently residing outside of the State of New Jersey.

20. Common questions of law and fact exist as to all members of the Class that predominate over any questions that effect only individual members of the Class.

21. These common questions of law and fact include, without limitation, whether NJM paid its employees properly and no individual questions of fact exist for any member of the entire Class or any Subclass thereof.

22. Plaintiff's claims are typical of the claims of the members of the Class and any Subclass thereof. All members of the Class are also fully ascertainable. The harms suffered by

the Plaintiff are typical of the harms suffered by the individual members of the Class because all have had their pay and benefits shorted in the same way and by 3.846% in the year of 2017.

23. The representative Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of all employees who have been shorted in the Class. Plaintiff has no interests that are averse to the interests of the members of the Class.

24. A Class Action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all of the affected NJM employees is impracticable, given the large number of Class members and the fact that they are dispersed over a large geographic area.

25. Furthermore, the expense and burden of individual litigation would make it impossible for individual members of the Class to redress these violations on their own. The cost to the judicial system would also be enormous. Individualized litigation would also magnify the delay to all parties and the bog down the civil justice system unnecessarily.

26. The named Plaintiff has retained counsel with substantial experience and success in the prosecution of Class Action and employment litigation claims. Plaintiff is represented by the Law Offices of Sadaka Associates, LLC. Plaintiff's counsel has the resources, expertise and experience to successfully prosecute the action against the Defendants. Upon information and belief, no conflict exists between the Plaintiff and members of the Class, or between counsel and members of the Class.

27. Upon information and belief, there are no other actions pending to address the named Defendants' conduct in shortening the wages of its employees.

28. As such, Plaintiff seeks Class Certification under Federal Rule of Civil Procedure 23 in that the questions of law or fact common to all members of the Class or any Subclass thereof

predominate over any questions affecting only individual members, and that a Class Action is far superior to other available methods for the fair and efficient adjudication of this Complaint.

## COUNT I: <br> BREACH OF CONTRACT

29. All previous paragraphs are incorporated herein by reference.

30. Upon information and belief, Plaintiff and others similarly situated entered into either an at will or written contract for employment with NJM.

31. In return for work done and time spent working for NJM, and pursuant to either an at will employment agreement or a written employment contract, the named Plaintiff and others similarly situated were to be paid as promised.

32. NJM breached its employment agreement by failing to pay the Plaintiff and others similarly situated all the wages due for the benefits provided by them.

33. NJM failed to accurately pay the named Plaintiff and others similarly situated as described above.

34. The named Plaintiff and others similarly situated have been damaged due to the willful or negligent action or inaction of the NJM Group.

**WHEREFORE,** the Plaintiff demands judgment against NJM and requests compensatory damages for all unpaid wages and benefits, prejudgment and post-judgment interest as allowed by law, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT II: <br> BREACH OF IMPLIED CONTRACT

35. All previous paragraphs are incorporated herein by reference.

36. Plaintiff and others similarly situated entered into an implied employment agreement with NJM.

37. In return for work done for NJM, the named Plaintiff and others similarly situated were to be paid for the time that they worked.

38. NJM breached its duty to the Plaintiff and the Class or any Sub-Class thereof by failing to pay the Plaintiff and others similarly situated all the wages due to them.

39. The named Plaintiff and others similarly situated have been damaged due to the actions of the NJM Defendants.

**WHEREFORE,** the Plaintiff demands judgment against NJM and requests compensatory damages for all unpaid wages and benefits, prejudgment and post-judgment interest as allowed by law, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

### COUNT III: VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW

40. All previous paragraphs are incorporated herein by reference.

41. Plaintiff and all others similarly situated entered into an at will or written agreement with NJM for employment in the State of New Jersey during the relevant time period.

42. NJM did not properly pay the agreed upon wages to the Plaintiff and all others similarly situated as described above.

43. New Jersey's Wage Payment Law, N.J.S.A. 34:11-4.1 et seq, allows for a private right of action and class actions to collect those unpaid wages.

44. Plaintiff and all other similarly situated have been damaged as a result of NJM's conduct, and they demand their wages to be properly paid, with interest, costs of this action, and attorney's fees.

**WHEREFORE,** the Plaintiff demands judgment against NJM and requests compensatory damages for all unpaid wages, prejudgment and post-judgment interest, costs of suit and attorney's fees, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Mark T. Sadaka
Mark T. Sadaka, Esq.
Michael H. Bowman, Esq.
**SADAKA ASSOCIATES, LLC**
155 North Dean Street, Suite 4-D
Englewood, NJ 07631
Tel: (201) 266-5670
Fax: (201) 266-5671
Email: mark@sadakafirm.com

Michael H. Bowman, Esq.
To be admitted *pro hac vice*
**SADAKA ASSOCIATES, LLC**
155 North Dean Street, Suite 4-D
Englewood, NJ 07631
Tel: (201) 266-5670
Fax: (201) 266-5671
Email: mark@sadakafirm.com

Dated: August 5, 2020

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHARLES MAILOT

**DEFENDANTS**
NEW JERSEY MANUFACTURERS INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Mercer County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Sadaka Associates
155 North Dean Street, Suite 4-D
Englewood, NJ 07631

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: Diversity- Breach of Contract

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/05/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE